Judgfe Buckner,
delivered the opinion of the court.
This is a writ of error prosecuted byr the plaintiff, to reverse a judgment of the Madison circuit court, in an fiction of ejectment, in which Doe on the demise of Patsey Woodruff was plaintiff,- and Detheridge was defendant. During the progress of the trial, various motions were submitted for instructions to the jury,- and to exclude testimony offered by the defendant; one only of which, we consider it, as necessrry to notice.
The lessor of the plaintiff, was the daughter of Sarah Blackwell, and in the life-time of her mother, had married'David Woodruff, who died previous to *369 the institution of this suit. Sarah, the mother, died possessed of the land in contest, claiming it as her own. Upon a division oí her estate amongst children, after her death, it fell to her daughter Pat-sey; and she and her husband entered upon it, by the consent of the other heirs, and continued in possession of it for many years, until said David sold it to one Crews, and executed to him, his obligation for a conveyance of it. Crews sold it to the defendant, who having received an assignment of the obligation aforesaid, from him, took possession of the land under his purchase, which he still holds.
A person who a°quire8 P03* land under ■ the title of 'moth.er as executory y contract, will dot be permit-the validity of the title, «uto which he entere •
On the trial, the defendant offered in evidence a patent covering the land sued for, to William Hoy, dated 1st of July, 1784. The defendant, Detheridge, did not pretend to set up any claim under said patent, but admitted that his object was, to shew in Hoy, an outstanding title, superior to that of the plaintiff’s lessor. It was objected to by the plaintiff, but the court overruled her objection, and permitted it to be read as evidence, for the avowed object.
That a persftn who acquires possession of land under the title of another as tenant, or by executory contract, cannot, according to the repeated decisions of this court, be permitted to controvert the validity of the title under which he entered, is well est'ab-lished. To permit it, would lead to a violation of contracts, and a perfidy, which ought not to be encouraged. In the case of Hamilton vs. Taylor, Lit-tee's selected eases, 444, the defendant who had entered under Alloway’s heirs, whose ancestor had come into possession under the lessor of the plaintiff by executory contract of purchase, attempted to defend himself, by the production of a patent elder than that of the plaintiff, in the name of another person, which was objected to, and the objection was sustained by this court. The same principle has been often recognized in other cases.
If, therefore, the defendant did enter under the title of Mrs. Woodruff, we are of opin ion, that the circuit court erred iri permitting hi m, for the object avowed, to read Hoys’ patent in evidence. There was not only no testimony upon which the jury could reasonably have inferred that the defendant entered upon *370 the land in controversy under another title, but he expressly acknowledged, that he claimed the land in contest, and entered on it under the bond, executed by David Woodruff to Crows,^and the assignment thereof to him; and it is not pretended, that the husband of the lessor of the plaintiff had any claim, except that which he derived by his marriage with her. Had David Woodruffleased the land in controversy to Crews, and he to tne defendant, after the expiration of the lease, upon suit instituted by D. Woodrufi and wife to recover the possession, the defendant could not have protected himself, in holding ever against thern, by shewing a superior title in another. If not, we do not perceive upon what principle, he can be permitted to make a defence against the claim of the widow, which he would have been estopped from making against the husband and wife. It would be as unjustifiable a violation of good faith, in the one case, as in the other.
Aconveyance by a husband, of his wife’s land during the ooveture, operated at common law, as a discontinuance of the wife’s right,' but the law, in such cases, has {^statute!86
*370 The plaintiff, on a former trial of this case, recovered a judgment, and upon a writ of error prosecuted, the judgment was reversed, becituse the circuit court had improperly rejected the same patent. A deed from the patentee to A. Blackwell, and the record of a suit in chancery, prosecuted by A. Blackwell’s heirs, by Sarah Blackwell; in which she obtained a decree for a conveyance of a life-estate in the land. See III. Mon. 244.
From an examination however, of the case, as there reported, it will be found, that it was there presented in a very different attitude from, that which it now occupies. It then appeared, that the defendant was the alienee of Crews, and that he was the alienee of David Woodruff.
Under that state of case, the objection to the introduction of Hoys’ patent could not be sustained. A conveyance by a husband of his wife’s land, during the coverture, operated at common law, as a discontinuance of the wife's right. The law in such cases, as was remarked by this court, in the case referred to, has been changed, by the statute 32 of Henry VIII. which has been re-enacted by the legislature of this slate. The. statute gives to widows, in such cases, the right to enter upon land “according to their rights and titles therein,” and if the defend *371 ant held adversely to all others, as he certainly did, from the date of his deed, if he had received one, he was not precluded from shewing title out of plaintiff’s lessor. We are not, therefore, disposed to deny the correctness of the opinion referred to. But the case, as we have already said, now presents a different question, growing out of an important difference in the facts, as exhibited by the record, upon the first and second trial.
Turner, for plaintiff.
Had the husband of Patsey Woodruff survived her, upon suit instituted by her heirs, to recover the possession of the land from him, had he remained in possession of it without conveyance to any one, he certainly could not, in the exercise of morality and good faith, have protected himself by controverting the validity of their title. If not, so neither can he, who claims and entered under an executory contract with him. He cannot occupy more favored ground than Woodruff would, had he been a defendant in the ejectment.
We are, therefore, of opinion, that upon the proof exhibited, the patent to Hoy should have been excluded.
Thé judgment of the circuit court must be reversed with costs, and the cause remanded for further proceedings to be had, in accordance with this opinion.